## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

**HAROLD DEAN HUBER, Jr.** )
 )
 )   **Civil Case No.**
Plaintiff, )
 )
vs. )
 )   **TYPE OF PLEADING**:
 )
**BOROUGH OF BURGETTSTOWN,** )   *COMPLAINT.*
**TOWNSHIP OF SMITH**, **AMBER L. PRICE**, )
in her Individual Capacity )
and in her Official Capacity as Police Officer )   **FILED ON BEHALF OF:**
for Burgettstown Borough, and **MICHAEL** )   Harold Dean Huber, Jr., Plaintiff
**NORTH**, in his Individual Capacity and in his )
Official Capacity as Police Officer for Smith )
Township, )
 )
Defendants, jointly and severally. )
 )
 )   **COUNSEL OF RECORD:**
 )   Noah Geary, Esquire
 )   Suite 225
 )   Washington Trust Building
 )   Washington, Pa 15301
 )   724 222-3788
 )   PA ID 78382
 )
 )
 )

**JURY TRIAL DEMANDED.**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD DEAN HUBER, Jr., ) | |
| ) | |
| ) | **Civil Case No.** |
| Plaintiff, ) | |
| vs. ) | |
| ) | **TYPE OF PLEADING**: |
| ) | |
| BOROUGH OF BURGETTSTOWN, ) | *COMPLAINT.* |
| TOWNSHIP OF SMITH, AMBER L. PRICE, ) | |
| in her Individual Capacity ) | **FILED ON BEHALF OF:** |
| et. al., ) | Harold Dean Huber, Jr. |
| | |
| Defendants. | |

### COMPLAINT.

**AND NOW COMES** the Plaintiff by his lawyer, Noah Geary, and respectfully submits as follows:

1.      Plaintiff Harold Dean Huber, Jr. is an adult individual residing at 52 Dinsmoore Avenue, Burgettstown, PA  15021 in Washington County, Western District of Pennsylvania.

2.      The Borough of Burgettstown is a political subdivision of the Commonwealth of Pennsylvania, duly organized as a Borough possessing the power to sue and be sued.

3.      The Borough of Burgettstown is vested with the management and administration of law enforcement in the Borough, by and through its agency, the Burgettstown Borough Police Department, in which it is further vested with the supervision and training of its police officers.

4.      The Township of Smith is a political subdivision of the Commonwealth of Pennsylvania, duly organized as a Township possessing the power to sue and be sued.

2

5. The Township of Smith is vested with the management and administration of law enforcement in the Township, by and through its agency, the Smith Township Police Department, in which it is further vested with the supervision and training of its police officers.

6. Defendant Amber Price is an adult individual who was employed as a police officer with the Burgettstown Police Department, and who regularly performed her duties at 1509 Main Street, Burgettstown, Washington County, PA 15021. At all times material, Price was employed as a police officer and responsible for all duties associated with said position in the Department. This action is undertaken against Price in her official capacity as an agent, employee, official and officer of Burgettstown Borough, as well as against her individually.

7. Defendant Michael North is an adult individual who was employed as a police officer with the Smith Township Police Department, and who regularly performed his duties at 1848 Smith Township State Road, Slovan, Washington County, PA 15021. At all times material, North was employed as a police officer and responsible for all duties associated with said position in the Department. This action is undertaken against North in his official capacity as an agent, employee, official and officer of Smith Township, as well as against him individually.

8. At all times material, the Defendants, individually, collectively and/or in concert, acted under color of state law.

9. This action arises under the Constitution of the United States of America, particularly the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and under the laws of the United States of America, particularly the Civil Rights Act, Title 42 U.S.C.§ 1983.

10. The jurisdiction of this court is invoked under the provisions of 28 U.S.C.A. §§ 1331 and 1343.

3

11.    Venue is proper in this district because it is where all the parties reside and where the deprivations of the Plaintiff's Constitutional and Civil rights occurred.

**COUNTS I. & II. & III: FALSE ARREST, FALSE IMPRISONMENT & MALICIOUS PROSECUTION;**
**HAROLD DEAN HUBER, JR. VS. ALL DEFENDANTS.**
**Violations of Title 42 U.S.C. Section 1983:Civil Rights Violations.**

12.    The above paragraphs are incorporated herein as though set forth fully.

13.    On March 21, 2008 the Plaintiff, pursuant to a pretextual traffic stop premised upon the false allegation of a "burnt out license plate lamp", was arrested, his vehicle searched, and he was charged with felony possession with intent to deliver drugs, possession of drugs, possession of drug paraphanalia, and other criminal offenses.

14.    However, Plaintiff's arrest was not supported by probable cause.

15.    Specifically, the Plaintiff was pulled over by Officer Michael North, who was acting in concert with Officer Amber Price. No reasonable suspicion or probable cause existed to initiate the traffic stop of the Plaintiff. No reasonable suspicion or probable cause existed to justify the ordering of the Plaintiff to step out of his vehicle. No reasonable suspicion or probable cause existed to search the Plaintiff or his vehicle, nor was consent given by the Plaintiff to do either. The pretextual, illegal pull-over of the Plaintiff was done for the purpose of obtaining a warrant to search the Plaintiff's home.

16.    Plaintiff's person was then seized and he was lodged in the Washington County Jail.

17.    The seizure of the Plaintiff constituted a false and illegal arrest of Huber, and he was then falsely imprisoned.

18.    Specifically, the Defendants acted with the intent to confine the Plaintiff.

4

19. The Defendants' conduct directly resulted in the Plaintiff's confinement.

20. The Plaintiff was at all times conscious of the confinement.

21. The conduct of each of the Defendants was done to deprive and did deprive Plaintiff of the rights guaranteed him under the United States Constitution, including but not limited to his 4th Amendment right to be free from being imprisoned when no probable cause existed to support the confinement.

22. Once the Plaintiff was falsely arrested and falsely imprisoned, the Defendants then applied for a search warrant of the Plaintiff's home; the application was based upon false information, which Officers North and Price both knew to be false.

23. Specifically, North put in the application that Price said she had seen Plaintiff leave his home.

24. This was a lie.

25. North, upon being investigated by the Pennsylvania State Police, confessed that this was a lie; Price had never seen the Plaintiff near his house.

26. North further admitted that he had not seen the Plaintiff near his house either.

27. Price, upon investigation, claims that she did not review the Application for the Search Warrant, yet knew that it contained false information.

28. Based upon the lies of North and Price and other false information included in the application, a search warrant was obtained from District Justice Mark Wilson, and Officers North and Price engaged in an extensive, unlawful search of the Plaintiff's home.

29. The Defendants initiated criminal proceedings against Huber maliciously, for a purpose other than to seek justice, and at the expense of and through the deprivation of the civil and constitutional rights of the Plaintiff.

30.    The conduct of each of the Defendants was done to deprive and did deprive Plaintiff of the rights guaranteed him under the United States Constitution, including but not limited to his 4th Amendment right to be free from a prosecution which lacked probable cause.

31.    The criminal proceedings initiated against the Plaintiff ultimately resolved in his favor; on August 29, 2008, the Honorable John DiSalle of the Court of Common Pleas of Washington County granted the Defense Motion, with the Commonwealth's consent, to a dismissal of all charges. The Judge further placed the costs of prosecution on Washington County.

32.    As a direct and proximate cause of his false arrest, false imprisonment, malicious prosecution and the unlawful search of his home, Harold Dean Huber suffered, inter alia, fear, anxiety, humiliation, emotional and psychological trauma, embarrassment, the loss of his job, the loss of his liberty, the loss of his vehicle, an unlawful period of confinement in the Washington County Jail, invasion of his privacy, permanent damage to his reputation, property losses, past, present and future medical expenses, past lost earnings and lost earning capacity; future loss of earnings and lost earning capacity; the loss of the enjoyment of life, and separation from his common-law wife and child.

33.    The above-described actions of the Defendants were outrageous, were done willfully, with malice, and with reckless disregard of Plaintiff's federally-protected rights.

34.    Inter alia, the Defendants conducted a pretextual stop, knowingly lied under oath in an Application for a Search Warrant, and then knowingly engaged in an illegal search of Plaintiff's home.

35.    Defendants Smith Township and Burgettstown Borough were on notice prior to March 21, 2008 that both Price and North were rogue Police Officers who were dishonest,

unethical and would violate citizen's rights. Nevertheless, each was retained on the police force of both Municipalities.

36.     Furthermore, Defendants Smith Township and Burgettstown Borough failed to adequately train and supervise both Price and North.

37.     Defendants Smith Township and Burgettstown Borough have a custom and/or policy and/or practice of failing to train and supervise their Police Officers.

38.     As a direct result of this policy, practice and custom of these Defendants, citizens of Smith Township and Burgettstown Borough are subjected to false arrests, unlawful searches of their homes and false imprisonments.

39.     Accordingly, under Monell, these Defendants are liable for the false arrest, false imprisonment and malicious prosecution of the Plaintiff as well as the unlawful search of his home because it is the policies, practices, and customs of these Defendants which are the actual moving force behind the deprivation of the Plaintiff's Fourth, Sixth and Fourteenth Amendment rights.

40.     The Defendants are not entitled to qualified immunity because they violated the Constitutional rights of the Plaintiff, these rights were clearly-established, and any reasonable police officer in the Defendants' situation would know that they were violating Huber's Fourth, Sixth and Fourteenth Amendment Rights by, inter alia, conducting a pretextual stop, lying in an Application for a Search Warrant, and knowingly conducting an illegal search of a citizen's home.

**WHEREFORE**, Harold Dean Huber, Jr. demands a trial by jury and judgment against Defendants jointly and severally, compensatory damages in excess of $75,000.00, punitive damages, Court costs, litigation costs, reasonable attorney's fees and any/all such other relief, whether legal or equitable, as this Honorable Court deems proper.

Respectfully submitted,

/s/ Noah Geary
Noah Geary, Esquire
Suite 225
Washington Trust Building
Washington, PA 15301
724 222-3788
PA ID 78382

## **VERIFICATION:**

I, **Harold Dean Huber, Jr.**, hereby verify that the foregoing statements are made to the best of my knowledge, information and belief. I make this Verification subject to 18 Pa.C.S.A. Section 4904, relating to Unsworn Falsification to Authorities.

March 18, 2010                                   /s/ Harold Dean Huber, Jr.
                                                 Harold Dean Huber, Jr.